IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROOSEVELT CARTER,                    §
                Petitioner,        §
                             §
v.                                   §        C.A. NO. C-07-114
                             §
NATHANIEL QUARTERMAN,                §
                Respondent.        §

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is an inmate in the Texas Department of Criminal Justice,

Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the

Terrell Unit in Rosharon, Texas.  Proceeding pro se, petitioner filed this habeas

corpus petition pursuant to 28 U.S.C. § 2254 on January 7, 2007.  (D.E. 1).  On

June 26, 2007, respondent moved for summary judgment, arguing that petitioner's

claims are without merit and that he waived his claims by pleading guilty.  (D.E.

28).  For the reasons stated herein, it is respectfully recommended that the

respondent's motion for summary judgment be granted.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson,

235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 156th

Judicial District Court of Live Oak County, Texas, and therefore, jurisdiction is

proper in this Court.

## II.  BACKGROUND

Respondent has lawful custody of petitioner pursuant to a judgment and

sentence of the 156th Judicial District Court of Live Oak County, Texas, in cause

number L-05-0034-CR-B, styled The State of Texas v. Roosevelt Carter.  Ex parte

Carter, App. No. WR-18,811-06, at 23.  On February 8, 2005, he was found in

possession of marihuana.  Id.  On October 19, 2005, he pleaded guilty to

possession of marihuana, a third degree felony.  Id.; see also (D.E. 28, Ex. A).  In

exchange for his guilty plea, the state abandoned an habitual felony offender

enhancement, and he was sentenced to ten years confinement in TDCJ-CID and

assessed a $500 fine.  Ex parte Carter, App. No. WR-18,811-06, at 23. Although

petitioner has several other convictions, his federal habeas petition challenges only

his conviction in cause number L-05-0034-CR-B.  See (D.E. 1, at 2); Ex parte

Carter, App. Nos. WR-18,811-01, WR-18,811-02, WR-18,811-03, WR-18,811-04,

WR-18,811-05, WR-18,811-07.

According to petitioner, on February 8, 2005 he was pulled over for a traffic

stop by a police officer in Live Oak County because the vehicle he was driving did

not have a registration sticker.  Ex parte Carter, App. No. WR-18,811-06, at 12.

He asserts that the officer should not have stopped the vehicle because it had a

dealer's tag in the rear window and therefore, he was not required to have

registered for the vehicle for twenty days.  Id.  He says that the officer then called

for back up and wrote him a warning ticket.  Id.

According to petitioner, the officer requested permission to search the

vehicle, and he consented to the search because he "felt it was in his best interest to

give consent."  Id.  During the search, the officer found marihuana and arrested

him.  See id.  He contends that the search and seizure were illegal because the

officer lacked probable cause for both the traffic stop and the search itself.  See id.

Petitioner did not appeal the conviction he now challenges, nor did he file a

petition for discretionary review with the Texas Court of Criminal Appeals.  On

September 5, 2006, his state application for habeas relief was filed with the 156th

Judicial District Court of Live Oak County, Texas.  Ex parte Carter, App. No. WR-

18,811-06, at 29.  The court took no action, which pursuant to Texas law

constituted "a finding that there [we]re no previously unresolved facts material to

the legality of the applicant's confinement, and ... the application for writ of habeas

corpus has been overruled by operation of law."  Id. (emphasis in original).  His

application was then reviewed by the Texas Court of Criminal Appeals, which

denied his application without written order on December 13, 2006.  Id. at cover.

This petition followed, and was filed on January 7, 2007.  (D.E. 1, at 8).  The

respondent does not dispute the timeliness of petitioner's federal habeas petition.

(D.E. 28, at 3).

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition for habeas relief:

(1)     He claims that his conviction is illegal because the arresting officer

   engaged in racial profiling during the traffic stop that led to his arrest,

   (D.E. 1, at 5, 10, 18-19);

(2)     He claims that because the officer stopped his vehicle without

   probable cause, the evidence obtained in the subsequent search and

   seizure was illegally obtained and inadmissible, id. at 5-7, 11-17;

(3)     He claims that the traffic stop that led to his arrest was illegal because

   he was in full compliance with all traffic laws, id. at 5;

(4)     He claims that his arrest was illegal because he was arrested without a

   warrant and with no probable cause, id. at 6;

(5)     He claims that he received ineffective assistance of counsel because

   (a)     counsel failed to consult with him prior to his plea, id. at 21;

   (b)     counsel failed to determine if he was guilty, and instead, only

4

advised him to enter a plea of guilty, <u>id.</u>;

    (c)    counsel failed to file any pre-trial motions, <u>id.</u>; and

    (d)    counsel failed to prepare for trial, <u>id.</u>; and

(6)    He claims that his guilty plea was not voluntary, <u>id.</u>

## IV.  EXHAUSTION OF STATE REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  Respondent does not dispute that petitioner exhausted his state court remedies before filing this petition.  (D.E. 28, at 3).

## V.  STANDARD OF REVIEW

**A.**    **Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. <u>Boyd v. Scott</u>, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which is applicable to habeas petitions filed after its effective date, "federal habeas relief is

only merited where the state court decision is both incorrect *and* objectively

unreasonable." Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in

original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also Riddle v.

Cockrell, 288 F.3d 713, 716 (5th Cir. 2002). The AEDPA's provisions "ensure

that state-court convictions are given effect to the extent possible under law." Bell

v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

     The Supreme Court has concluded that the "contrary to" and "unreasonable

application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings. Id. at

694 (citing Williams, 529 U.S. at 404-05). The Bell Court explained:

> A federal court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the
> governing law set forth in our cases, or if it decides a
> case differently than we have done on a set of materially
> indistinguishable facts. The court may grant relief under
> the "unreasonable application" clause if the state court
> correctly identifies the governing legal principles but
> unreasonably applies it to the facts of the particular case.
> The focus of the latter inquiry is on whether the state
> court's application of clearly established federal law is
> objectively unreasonable, and we stressed in *Williams*
> that an unreasonable application is different from an
> incorrect one.

Id. (citations omitted).

     The Fifth Circuit has held that federal courts may not grant a writ of habeas

corpus merely on the finding of an error by a state court, but rather only where a

"state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to review only a state court's decision, and not the written opinion explaining its decision.  <u>Anderson v. Johnson</u>, 338 F.3d 382, 390 (5th Cir. 2003).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." <u>Santellan v. Cockrell</u>, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003) (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable.  <u>Montoya v. Johnson</u>, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" <u>Gardner v. Johnson</u>, 247 F.3d 551, 560 (5th Cir. 2001).  The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state

court reached and not on whether the state court considered and discussed every angle of evidence." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'" Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998). The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief. See Morrow, 367 F.3d at 315. The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair." Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)). The Fifth Circuit has stated that the presumption of correctness also applies to mixed questions of law and fact. Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact) (citations omitted). Findings of fact may be implied from conclusions of law. See Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.      Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## VI.  DISCUSSION

### A.    Application of AEDPA's Deference to Petitioner's Claims.

The Texas courts have already considered and rejected petitioner's claims. Ex parte Carter, App. No. WR-18,811-06, at cover.  The claims that he is pursuing in this petition were raised in his state habeas corpus application.  Id. at 2-20; (D.E. 1, at 5-7, 10-26).  The Texas Court of Criminal Appeals denied his state habeas application without written order.  Id. at cover.  This denial of petitioner's application, even though it does not contain a written opinion, is not silent or ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).  It is a decision on the

merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); <u>see</u> <u>also</u>

<u>Neal v. Puckett</u>, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas

proceedings, "adjudication 'on the merits' is a term of art that refers to whether a

court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  <u>See</u>

<u>Morrow</u>, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless

he can demonstrate that the state court's adjudication of his claims was "contrary

to, or involved an unreasonable application, of clearly established federal law" or

was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

## B.    Petitioner's Claim That He Involuntarily Pleaded Guilty is Without Merit.

Petitioner raises several arguments in support of his assertion that he is

entitled to federal habeas relief because his guilty plea was involuntary.  First, he

claims that because of his counsel's ineffective assistance, he did not voluntarily

plead guilty to the charges against him.  (D.E. 1, at 21).  He also asserts that he felt

that due to his counsel's incompetence, going to trial would have been a "charade."

<u>Id.</u> at 22.  He further argues that he "felt it was in his best interest to except [sic] an

open plea" because he was "the only black man in [L]ive [O]ak [C]ounty[,]

Texas....  And there could be no members of his race on the jury."  <u>Id.</u>  Finally, he

asserts that his plea was involuntary because the court failed to "elicit a factual

11

basi[s] for the plea" and failed to correct the illegal mistakes that had been made.
Id. at 23.

### 1.    Standard of Review for Voluntariness of a Guilty Plea.

The Fifth Circuit has held that "[t]o be valid, a guilty plea must be voluntary,
knowing and intelligent."  United States v. Washington, 480 F.3d 309, 315 (5th
Cir. 2007).  The Supreme Court has established that "[t]he longstanding test for
determining the validity of a guilty plea is 'whether the plea represents a voluntary
and intelligent choice among the alternative courses of action open to the
defendant.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985) (citation omitted); accord
United States v. Brown, 328 F.3d 787, 789 (5th Cir. 2003) (quoting Hill).  In
determining whether a plea is voluntary, the Court is to consider all relevant
circumstances.  Washington, 480 F.3d at 315.

For a plea to be valid, the defendant must have notice of the charges against
him, understand the constitutional protections that he has waived, and have advice
from competent counsel.  Id. (citation omitted).  Furthermore, the defendant must
be competent, and the plea must "not be the product of 'actual or threatened
physical harm, or ... mental coercion overbearing the will of the defendant' or of
state-induced emotions so intense that the defendant was rendered unable to weigh
rationally his options with the help of counsel."  Matthew v. Johnson, 201 F.3d

353, 365 (5th Cir. 2000) (quoting <u>Brady v. United States</u>, 397 U.S. 742, 750

(1962)).  The trial court must inform the defendant of the consequences of his plea,

but "the defendant need only understand the direct consequences of the plea; he

need not be made aware of every consequence that, absent a plea of guilty, would

not otherwise occur."  <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir.

2000) (per curiam).

Finally, where a defendant has testified at a "hearing that his plea was freely

and voluntarily made, that he understood the nature of the charges against him and

the nature of the constitutional rights he was waiving[, t]hese statements act to

create a presumption that in fact the plea is valid."  <u>Matthew</u>, 201 F.3d at 366

(citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)).

**2.      Petitioner's Guilty Plea Was Voluntary and Not Coerced.**

Petitioner has not presented any evidence that his plea was not voluntary,

knowing, and intelligent.  While he alleges that he believed a jury could not be

fairly selected in Live Oak County, he presents no evidence to support his

contentions; and regardless, his fears about the outcome of trial do not prove that

his plea was involuntary.  He has not alleged that he was threatened with physical

harm or subject to mental coercion by either the state or his counsel.  The record

reflects that he was admonished by the court as to the consequences of his plea.  <u>Ex</u>

parte Carter, App. No. WR-18,811-06, at 24.  While petitioner asserts that the court

lacked a factual basis upon which to accept his guilty plea, in fact, the court heard

evidence from both the state and petitioner prior to accepting his plea of guilty.  Id.

Petitioner also signed a written stipulation to the evidence that was used to convict

him, and signed a written admonishment of the rights he was giving up by pleading

guilty.  (D.E. 28, Ex. A at 1-2, 5-8).

     As for petitioner's allegation that his counsel's actions render his plea

involuntary, the Fifth Circuit has established that:

> A defense attorney should make informed predictions
> about the consequences of either pleading guilty or going
> to trial.  We have held that a defense lawyer's stern
> warnings about the client's chances of success at trial, the
> potential for prison time, and the lawyer's potential
> withdrawal do not compromise voluntariness.  Even if
> [the petitioner's] lawyer warned that he would almost
> certainly lose at trial and face a harsh sentence, these
> were warnings, not threats.

United States v. Cothran, 302 F.3d 279, 284 (5th Cir. 2002) (citations omitted).

Petitioner has failed to show that his attorney's warnings about the potential

sentence he could receive compromised the voluntariness of his plea.  His

counsel's warnings do not constitute threats.  The record before this Court

establishes that had petitioner chosen to proceed at trial, the state could have

entered evidence of his prior convictions in order to enhance any punishment

14

petitioner would have received.  <u>See</u> (D.E. 28, Ex. A, at 1-2).  He would have been

charged as an habitual felony offender, and if convicted with the enhancements as

alleged by the state, would have received a sentence of 25 to 99 years

imprisonment, rather than the ten years he received pursuant to the plea agreement.

<u>See</u> Tex. Pen. Code § 12.42(d).  Thus, counsel's advice for petitioner to accept the

plea agreement does not render his plea involuntary.

It is respectfully recommended that to the extent petitioner claims his plea

was involuntary due to actions of his counsel, such claim is without merit.

## C.   Petitioner Waived His Claims By Pleading Guilty.

The Supreme Court has explained that a criminal defendant who pleads

guilty is limited in the types of challenges he may bring against his conviction:

> [A] guilty plea represents a break in the chain of events
> which has preceded it in the criminal process.  <u>When a
> criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims
> relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea</u>.  He may
> only attack the voluntary and intelligent character of the
> guilty plea by showing that the advice he received from
> counsel was not within the standards set forth in
> [<u>McMann v. Richardson</u>, 397 U.S. 759 (1970)].

<u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973) (emphasis added); <u>accord</u> <u>Hill</u>, 474

U.S. at 56-57 ("[A] defendant who pleads guilty 'may only attack the voluntary

and intelligent character of the guilty plea...'") (quoting Tollett, 411 U.S. at 267).

The Fifth Circuit has specifically refused to allow habeas petitioners who voluntarily pleaded guilty to challenge ineffective assistance of counsel that is unrelated to the voluntariness of the plea, and has also refused to allow such petitioners to challenge sufficiency of the evidence.  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (refusing ineffective assistance claims unrelated to the validity of the plea, explaining that "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived.") (citation omitted); Kelley v. State of Alabama, 636 F.2d 1082, 1083 (5th Cir. Unit B Feb. 1981) (per curiam) (rejecting petitioner's claim of insufficiency of the evidence).  The Smith court explained that "*except* insofar as the alleged ineffectiveness [of counsel] relates to the voluntariness of the giving of the guilty plea," a habeas petitioner may not attack the ineffectiveness of his counsel.  Smith, 711 F.2d at 682 (citations omitted) (italics in original).  The Fifth Circuit has also held that "[i]llegal searches and seizures are non-jurisdictional defects that [petitioner] waived his right to challenge when he entered a knowing and voluntary guilty plea."  Normal v. McCotter, 765 F.2d 504, 511 (5th Cir. 1985) (citation omitted).

Petitioner raises several claims that do not relate to the voluntariness of his

16

guilty plea. He claims that the arresting officer engaged in racial profiling. (D.E. 1, at 5, 10, 18-19). He asserts that because the officer stopped his vehicle without probable cause, the evidence obtained in the subsequent search (to which he consented) was illegally obtained. Id. at 5-7, 11-17. He also claims that because the traffic stop that led to his arrest was illegal, and because he was arrested without a warrant or probable cause, he is entitled to federal habeas relief. Id. at 5-6. He also raises claims of ineffective assistance of counsel that are unrelated to the voluntariness of his plea. Id. at 21. It is respectfully recommended that petitioner's knowing and voluntary guilty plea waives the foregoing claims for federal habeas corpus relief.

**D.    Petitioner's Claims of Ineffective Assistance of Counsel are Without Merit.**

Petitioner has waived claims that do not address the validity of the plea itself. See Tollett, 411 U.S. at 267. However, to the extent that he challenges the assistance of his counsel in an attempt to prove that his guilty plea was not voluntary, such claims are now addressed. Petitioner claims that his counsel rendered ineffective assistance because counsel failed to consult with him prior to the entry of his guilty plea, failed to determine if he was guilty, failed to file any pre-trial motions, and failed to prepare for trial. (D.E. 1, at 21).

17

### 1.      Standard of Review Pursuant to <u>Strickland v. Washington</u>.

The Fifth Circuit has stated that when the validity of a plea is contested, "whether [the petitioner] received constitutionally deficient counsel prior to pleading guilty is relevant to the validity of the plea itself." <u>United States v. Guidry</u>, 462 F.3d 373, 378 n.6 (5th Cir. 2006) (citation omitted).  If a habeas petitioner complains that his guilty plea was involuntary due to ineffective assistance of counsel, the Fifth Circuit has established that "he must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678 ... (1984)." <u>Uresti v. Lynaugh</u>, 821 F.2d 1099, 1101 (5th Cir. 1987).  Therefore, "[t]o demonstrate ineffectiveness of counsel in the plea bargaining arena, [petitioner] must establish that his trial counsel's performance: (1) fell below an objective standard of reasonable competence and (2) that he was prejudiced by his counsel's deficient performance." <u>James v. Cain</u>, 56 F.3d 662, 667 (5th Cir. 1995) (citation omitted).  Petitioner has the burden of proof under the <u>Strickland</u> test.  <u>See</u> <u>Carter v. Johnson</u>, 131 F.3d 452, 463 (5th Cir. 1997).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687.

Counsel's challenged conduct should be evaluated from the perspective of

counsel at the time the conduct occurred.  Id. at 690.  Due to the difficulties

inherent in engaging in this analysis without being tainted by "the distorting effects

of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.

The reviewing court must give great deference to counsel's performance, strongly

presuming that counsel has exercised reasonable professional judgment.  Id. at 690;

see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong

presumption that counsel's conduct falls within a wide range of reasonable

professional assistance).

     The Fifth Circuit has established that with respect to a guilty plea, counsel

"must actually and substantially assist his client in deciding whether to plead guilty

... [and] provide the accused an 'understanding of the law in relation to the facts.'"

Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974) (citations omitted); see also

Pollinzi v. Estelle, 628 F.2d 417, 419 (5th Cir. 1980) (per curiam) ("Where a

defendant pleads guilty, counsel's responsibility is to determine whether the plea is

entered voluntarily and knowingly, ... to assist his client actually and substantially

in deciding whether to plead guilty, ... to provide the accused with an

understanding of the law in relation to the facts, ... and to give advice that permits

the accused to make an informed and conscious choice.") (citations omitted).  The

attorney's advice "need not be perfect, but it must be reasonably competent."  Id.

(citation omitted).  For a petitioner to succeed on a complaint that counsel rendered ineffective assistance in connection with a guilty plea, he must prove that counsel's "misadvice fell short of 'an objective standard of reasonableness.'"  Czere v. Butler, 833 F.2d 59, 63 (5th Cir. 1987) (citation omitted).  A petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.'"  Smith, 711 F.2d at 682 (quoting Tollett, 411 U.S. at 266); see also Czere, 833 F.2d at 63 (petitioner has "the burden of proof and persuasion to establish that it was in fact reasonably probable that but for the misadvice he 'would not have pleaded guilty and would have insisted on going to trial'") (quoting Uresti, 821 F.2d at 1101).

A reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice.  Strickland, 466 U.S. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).  "The Supreme Court [has also] emphasized that this two-part Sixth Amendment inquiry need proceed in no particular order."  Czere, 833 F.2d at 63 (citation omitted).  The Fifth Circuit has held that a petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  "When a defendant complains about attorney error concerning a plea,

*Strickland*'s prejudice prong requires a showing that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."  Uresti, 821 F.2d at 1101 (citing Hill, 474 U.S. at 59); accord Theriot v. Whitley, 18 F.3d 311, 312 (5th Cir. 1994) (per curiam) (same).

In addition, conclusory allegations of ineffective assistance of counsel do not give rise to a constitutional claim for federal habeas relief.  See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("Because [the petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not assert any resulting prejudice, the district court properly determined that these three claims of ineffective assistance were conclusory.") (emphasis in original).  The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these [claims].'"  Id. (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, petitioner must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under

21

*Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.") (emphasis in original).  The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching." Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir.), cert. denied, 127 S. Ct. 732 (2006).

## 2.    Petitioner's Claim that Counsel Failed to Consult with Him Prior to the Entry of His Plea is Without Merit.

Petitioner claims that counsel failed to consult with him prior to the entry of his guilty plea, and therefore, rendered ineffective assistance.  (D.E. 1, at 21).  He contends that he and his "counsel had only two brief consultations."  Id.  He raises only a conclusory allegation that counsel's actions constitute ineffective assistance, and fails to state what he believes additional consultation would have accomplished.  He does not allege that but for his counsel's failure to consult with him more prior to trial, he would not have pleaded guilty.  Petitioner's allegation is insufficient to support a claim for federal habeas relief.  He has also not shown that the state court's adjudication of this claim was unreasonable or contrary to federal law.

It is respectfully recommended that to the extent petitioner claims that counsel's failure to adequately consult with him prior to the entry of his guilty plea renders his plea involuntary, his claim is without merit.

### 3.    Petitioner's Claim that Counsel Failed to Determine His Guilt is Without Merit.

Petitioner claims that counsel did not attempt to determine whether he was guilty, but instead only advised him to accept the plea agreement offered by the state.  (D.E. 1, at 21).  However, he does not explain how counsel's failure to ascertain whether he was actually guilty, despite his plea in open court and signature on the written admonishments, was ineffective assistance of counsel.  He does not present any support for his conclusory assertion that counsel should have independently ascertained his guilt.  He has not proven that but for counsel's purported errors, he would not have pleaded guilty and would have insisted on going to trial, and has not shown that the state court's adjudication of this claim was unreasonable or contrary to federal law.

It is respectfully recommended that to the extent petitioner claims that counsel's failure to independently ascertain his guilt was ineffective assistance that rendered his plea involuntary, his claim is without merit.

### 4.    Petitioner's Claim that Counsel Failed to File Pretrial Motions is Without Merit.

Petitioner claims that counsel rendered ineffective assistance by failing to file any pretrial motions.  (D.E. 1, at 21).  He does not specify what pretrial motions he believes should have been filed but were not, or what he hoped to accomplish by the filing of pretrial motions.  See United States v. El-Zoubi, 993 F.2d 442, 448 (5th Cir. 1993) (citations omitted) (refusing to find ineffective assistance of counsel where counsel failed to file unspecified pretrial motions). Without more, petitioner's conclusory allegation of ineffective assistance does not give rise to a claim for federal habeas relief.  The Fifth Circuit has also determined that "[t]he filing of pretrial motions falls squarely within the ambit of trial strategy," and "[c]ounsel is not required to engage in the filing of futile motions." Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984) (per curiam) (citation omitted).  Petitioner has not shown that his counsel's actions resulted in prejudice, or that if his counsel had chosen to file the pretrial motions, he would not have pleaded guilty.  He has also not shown that the state court's adjudication of this claim was unreasonable or contrary to federal law.

It is respectfully recommended that to the extent petitioner's claims that his counsel's failure to file pretrial motions was ineffective assistance that rendered his plea involuntary, his claim is without merit.

24

### 5.      Petitioner's Claim Counsel Failed to Prepare for Trial is Without Merit.

Finally, petitioner claims that his counsel failed to prepare for trial and that "[r]egardless of any admission of guilt ... [i]t is the duty of defense counsel to put the states [sic] case to the test of proof."  (D.E. 1, at 24); <u>see also id.</u> at 21 (defense counsel failed to determine whether petitioner was guilty).  However, petitioner does not state what preparation he believes counsel should have undertaken, and raises only a conclusory allegation that counsel rendered ineffective assistance, which is insufficient to support a claim for federal habeas relief.  Petitioner does not plead any facts which would indicate that his counsel coerced him to plead guilty, or that would render his plea involuntary.  He has not presented any support for an assertion that the state court's adjudication of this claim was unreasonable or contrary to federal law.

It is respectfully recommended that to the extent petitioner claims that ineffective assistance of counsel and counsel's failure to prepare for trial caused him to involuntarily and unintelligently plead guilty, his claims are without merit.

### VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 28), be granted, and that petitioner's petition for writ of habeas corpus be dismissed with prejudice.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 6th day of August 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).